IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHE MIN JIN, | ) |
|                Petitioner, | ) |
| v. | ) Case No. CIV-25-01232-JD |
| PAMELA BONDI, et al., | ) |
|                Respondents. | ) |

## **ORDER**

Before the Court is Petitioner Zhe Min Jin's Motion for Leave to Engage in Discovery and to File a Reply to Respondents' Response [Doc. No. 26] to the Court's Order ("Motion") [Doc. No. 28]. Mr. Jin attaches to his Motion his proposed discovery requests and asks the Court to expedite the schedule for responding to discovery to ensure its completion by December 12. Motion at 3–4; *see also* [Doc. No. 28-1]. Additionally, Mr. Jin asks the Court to "order Respondents not to transport [him] on December 8, and to postpone any contemplated transport until December 11, 2025, to maintain the status quo until a ruling is had." Motion at 4.[1]

The Court grants in part and denies in part the Motion. Mr. Jin may file a reply to Respondents' Response [Doc. No. 26] on or before **December 12, 2025**.[2] The reply brief

---

[1] Mr. Jin's counsel has noted in other filings that he "readily concedes that if Respondents have a valid travel document from China, they may remove Petitioner to China." [Doc. No. 23 at 3]. This is because Mr. Jin has a final order of removal. [Doc. No. 1 ¶ 2].

[2] Mr. Jin states that "[o]n December 4, 2025, . . . Respondents filed a reply declining to file proof" in response to the Court's Order [Doc. No. 24] and then

is limited to 10 pages under Local Civil Rule 7.1(h). The Court, however, declines at this time to order discovery and declines Mr. Jin's request to prevent Respondents from transferring him from this judicial district to effectuate his removal. Mr. Jin presents no legal authority to support his argument that this Court should prohibit transfer to effectuate his removal. Additionally, it is not clear that this Court would lose jurisdiction over Mr. Jin's habeas petition if he were transferred from this judicial district. *See, e.g.*, *Pinson v. Berkebile*, 604 F. App'x 649, 652–53 (10th Cir. 2015) (unpublished) (explaining that jurisdiction attaches on the petitioner's initial filing for habeas corpus relief and is not destroyed by the transfer of petitioner and accompanying custodial change) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) and *Griffin v. Ebbert*, 751 F.3d 288, 290–91 (5th Cir. 2014)); *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (same).

IT IS SO ORDERED this 5th day of December 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

"[u]nsolicited, Respondents filed a second Response to the Court's Order . . . on December 5, 2025." *See* Motion at 2. However, that is not what the Court's records reflect. First, Respondents' reply is to Mr. Jin's response to the notice [Doc. No. 23]. That is what the title and contents of Respondents' reply reflect, *see* [Doc. No. 25], and in the filing, it is linked to Mr. Jin's response [Doc. No. 23]. Second, the timing of the filing of Respondents' reply in CM/ECF indicates that Respondents were responding to Mr. Jin's notice [Doc. No. 23], not to the Court's Order. The Court's Order [Doc. No. 24] was entered on December 4, 2025, at 11:50 a.m., and Respondents' reply [Doc. No. 25] was entered on December 4, 2025, at 11:53 a.m.