IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHE MIN JIN, | ) |
|        Petitioner, | ) |
| v. | ) Case No. CIV-25-01232-JD |
| PAMELA BONDI, et al., | ) |
|        Respondents. | ) |

## **ORDER**

Before the Court is Respondents' Notice to the Court that Petitioner Zhe Min Jin has been removed to his home country of China. [Doc. No. 32]. Mr. Jin filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241 on October 17, 2025. [Doc. No. 1]. At that time, he was an immigration detainee under an order of removal and was housed in Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* at 3.[1] Because Mr. Jin is no longer in custody, the Court cannot grant him any relief. Therefore, the Court dismisses the habeas petition as moot for the reasons stated below.

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied if a petitioner files the habeas petition while incarcerated. *See King v. Ciolli*, No. 23-1201, 2024 WL 1179908,

---

[1] The Court uses CM/ECF page numbering from the top of district court docket filings in this Order.

at *2 (10th Cir. Mar. 19, 2024) (unpublished) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) and *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

A § 2241 petition must be filed in the district where the prisoner is confined. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Mr. Jin was confined in this district when he filed his § 2241 petition. [Doc. No. 1 at 3]. But he is no longer in custody as Respondents have removed him to his home country of China. *See* [Doc. No. 32]. Although this Court's jurisdiction attached when Mr. Jin filed his habeas petition, his release from custody renders his petition moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (explaining that an actual controversy must be present at all stages of review, not merely when the complaint is filed); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (same). A case becomes moot "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party . . . ." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (unpublished). A habeas petition

does not become moot, however, merely because a petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences "'adequate to meet Article III's injury-in-fact requirement.'" *King*, 2024 WL 1179908, at *2 (quoting *Spencer*, 523 U.S. at 14).

Once Respondents released Mr. Jin from their custody, he no longer had a redressable injury arising from his detention. *Id.* (explaining that a "petitioner must demonstrate 'some concrete and continuing injury'" to overcome mootness after release from custody (quoting *Spencer*, 523 U.S. at 7)). Consequently, the Court DISMISSES the habeas petition [Doc. No. 1] as moot.[2] Mr. Jin's Emergency Motion for Temporary Restraining Order and Preliminary Injunction with Expedited Handling [Doc. No. 5] is denied as moot. A separate judgment will follow.[3]

IT IS SO ORDERED this 29th day of December 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] Regarding the Report and Recommendation [Doc. No. 18], the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1) (same). Due to the filings in this action after the Report and Recommendation, the Court modifies the recommended disposition to result in this dismissal. *Cf. Miller*, 331 F. App'x at 610.

[3] The Tenth Circuit has stated that a certificate of appealability "is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 165–66 (10th Cir. 1996)).